UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KENDELL SEATON, ) | |
| ) | |
| Plaintiff, ) | Action No. 5:16-cv-309-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| SONNY PERDUE, Secretary of the ) | |
| United States Department of ) | |
| Agriculture, et al.[1] ) | |
| ) | |
| Defendants. ) | |

**\*\*\*\***

### I. INTRODUCTION

This matter is before the Court upon a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [DE 7] filed by Defendants Tom Fern, Tom Kostelnik, Cheri Gaudinier, Michele Witt, Allen Hatcher, Jeff Jones, and Gene Floyd, all of whom have been sued in their individual and official capacities. Plaintiff Kendell Seaton having filed a Response in Opposition [DE 12], and Defendants having submitted their Reply [DE 14], this matter is

---

[1] The Complaint names Tom Vilsack, in his official capacity as Secretary of the United States Department of Agriculture ("USDA"), as a defendant in this action. [DE 1]. Secretary Vilsack resigned on January 13, 2017 and Michael Scuse assumed the role of Acting Secretary. [DE 13, p. 1, n. 1]. Mike Young replaced Scuse on January 20, 2017 and served as Acting Secretary until April 25, 2017, when Sonny Perdue was sworn in as the 31st Secretary. *See* United States Department of Agriculture, Press Release No. 0029.117, *available at* www.usda.gov/media/press-releases/2017/04/25/sonny-perdue -sworn-31st-us-secretary-agriculture. Consistent with Federal Rule of Civil Procedure 25(d), Secretary Perdue is substituted as a party in place of former Secretary Vilsack.

1

now ripe for the Court's review. For the reasons stated herein, the Motion to Dismiss is hereby **GRANTED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Seaton applied for the Area Director position with the USDA's Rural Development office in London, Kentucky. [DE 1, p. 5, ¶ 19]. Human Resources Manager Cheri Gaudinier ranked and scored each applicant based on their education and experience, as well as knowledge, skills, and abilities relevant to the position. [*Id.* at p. 5, ¶ 21]. This data was compiled in a Certificate of Eligibles and considered by a selection committee, which consisted of the Agency's State Director, Vernon Brown, as well as Administrative Program Director Tom Kostelnik, Housing Director Linda Chadwell, Business Director Jeff Jones, and Multi-Family Director Paul Higgins. Of the six eligible applicants, Seaton scored and ranked highest on the Certificate.[2] [*Id.*].

On September 23, 2009, Brown selected Seaton for the position on the basis of a unanimous recommendation from the committee.[3]

---

[2] Seaton's experience includes his tenure as Kentucky State Director for the USDA/FHA from 1981 to 1987. [*Id.* at p. 6, ¶ 21]. He also served as a Business and Industrial Loan Officer, a County Supervisor, and Assistant County Supervisor with the USDA/FDA. [*Id.*]. Seaton has a B.S. in Agriculture from Western Kentucky University, an M.A. in Applied Public Financial Management from American University, and a Teaching Certificate in Vocational Agriculture Education from the University of Kentucky. [*Id.*].
[3] One paragraph of the Complaint refers to Brown as a defendant. [*Id.* at p. 7, ¶ 21]. Notably, he is not listed as a defendant in the caption of the Complaint or referred to as a defendant in other paragraphs.

2

[*Id.* at p. 6, ¶ 20]. The following month, Seaton received a letter stating that he had been chosen for the Area Director Position. [*Id.*]. Seaton then completed the appropriate paperwork and submitted to a background check. [*Id.*].

In November 2009, Tom Fern was appointed as the Kentucky State Director for the USDA's Rural Development office. [*Id.* at p. 6, ¶ 23]. The following January, he met with Kostelnik, Agency employee Michele Witt, and Director of Human Resources Allen Hatcher. [*Id.* at p. 7, ¶ 24]. Based on Witt's and Gaudinier's notes from that meeting, Seaton concludes that its purpose was to find a legitimate business reason for denying him the Area Director position.[4] [*Id.* at p. 7, ¶ 25-27]. Shortly thereafter, Seaton received a letter from Fern notifying him that the position had been cancelled due to a pending reorganization. [*Id.*].

Although Fern cancelled five other open jobs at this time, the Area Director position was the only one that had already been filled. [*Id.* at p. 7-8, ¶ 30-31]. Seaton alleges that reorganization "was only a pretext to cover [his] removal … from

---

[*Id.*]. This leads the Court to believe that Seaton committed a typographical error in characterizing Brown as a defendant. However, even if Seaton intended to name Brown as a defendant, a claim against him would fail for the same reasons stated herein.

[4] For example, Gaudinier's notes indicate that an old arrest was "not enough to deny employment" and that this was a "sensitive position/situation." [*Id.* at p. 7, ¶ 26]. Witt's notes state that a "background check-felony conviction" was reviewed. [*Id.* at p. 7, ¶ 27].

the job," as Fern evinced an intent to re-announce the Area Director position at the meeting. [*Id.* at p. 8, ¶ 32-34]. On February 14, 2010, Fern, Kostelnik, Gaudinier, and Hatcher held another meeting. [*Id.* at p. 8, ¶ 36]. Notes from the meeting indicate that Seaton "will re-apply for the position & not be selected (results of NACI-doesn't matter)" and that he "would have to argue an EEO basis" to complain about it. [*Id.* at p. 8, ¶ 36-38]. The notes further state that "age disc. = 40 yrs." [*Id.*].

In March 2010, Fern submitted a reorganization plan to the USDA's national office that did not affect the Area Director position in London. [*Id.* at p. 9, ¶ 43]. The Agency re-announced the position one month later. [*Id.* at p. 9, ¶ 44]. Seaton re-applied. [*Id.* at p. 9, ¶ 45]. A younger candidate named Barry Hunter, who had applied for the position in 2009, also resubmitted his application. [*Id.*]. Although Hunter had scored the lowest on the Certificate of Eligibles in 2009, Fern presented Hunter to the selection committee as his choice and asked for the committee's approval, rather than their recommendation. [*Id.* at p. 9, ¶ 46-47]. The committee, comprised of Fern, Kostelnik, Jones, Brown, Witt, Gaudinier, and Agency employee Gene Floyd, approved Hunter for the Area Director position on June 25, 2010. [*Id.* at p. 9, ¶ 48].

Seaton filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), charging the USDA with unlawful age discrimination. [*Id.* at p. 4, ¶ 15]. After exhausting his administrative remedies, Seaton received a Notice of Right to Sue and filed this civil action on August 15, 2016. [*Id.* at p. 4, ¶ 16-18]. Defendants filed the instant Motion shortly thereafter.

### III. ANALYSIS

#### A. *Standard of Review*[5]

A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement should include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[5] Defendants also predicate their Motion to Dismiss on Federal Rules of Civil Procedure 12(b)(1) and (2). In the alternative, they move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because the claims against them are easily disposed of under Rule 12(b)(6), the Court need not analyze their arguments under these alternative standards of review.

**B. Age Discrimination in Employment Act ("ADEA")**

"The ADEA forbids an employer to 'fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Ky. Ret. Sys. v. E.E.O.C.*, 554 U.S. 135, 141 (6th Cir. 2008) (quoting 29 U.S.C. § 623(a)(1)). While the ADEA was initially limited to private employees, Congress created a new provision that extended the Act's protections to federal employees in 1974.[6] *Lehman v. Nakshian*, 453 U.S. 156, 157 (1981) (citing 29 U.S.C. § 633a).

"[T]he prohibitory language in the ADEA's federal-sector provision differs sharply from that in the corresponding ADEA provision relating to private-sector employment."[7] *Gomez-Perez v. Potter*, 553 U.S. 474, 487 (2008). "The ADEA federal-sector

---

[6] "Federal employees must rely on Title VII and other federal antidiscrimination statutes likes the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination." *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *see also* 29 U.S.C. § 633a (explicitly waiving sovereign immunity as to such claims).

[7] For example, courts generally require private-sector plaintiffs to exhaust their administrative remedies before bringing suit. *See Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) ("Pursuant to the provisions of the ADEA, an individual must first file a charge of discrimination with the EEOC as a jurisdictional prerequisite to filing a civil action."). By contrast, § 633a "provides two alternative routes for pursuing a claim of age discrimination." *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5 (1991). A federal-sector employee "may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies" or "[h]e can decide to present the merits of his claim to a federal court in the first instance." *Id.* at 5-6.

provision was patterned 'directly after' Title VII's federal-sector discrimination ban." *Id.* (quoting *Lehman*, 453 U.S. at 167, n. 15). These federal-sector provisions "contain[] a broad prohibition of 'discrimination,' rather than [the] list of specific prohibited practices" set forth in the private-sector provisions. *Id.; compare* 42 U.S.C. § 2000e-16(a) ("All personnel actions affecting employees or applicants for employment … shall be made free from any discrimination based on race, color, religion, sex, or national origin.") *with* 29 U.S.C. § 633a(a) ("All personnel actions affecting employees or applicants for employment who are at least 40 years of age … shall be made free from any discrimination based on age.").

While Title VII's federal-sector provision explicitly states that "the head of the department, agency, or unit, as appropriate, shall be the defendant" in such actions, the ADEA is silent on the issue. 42 U.S.C. § 2000e-16(c). The United States Court of Appeals for the Sixth Circuit has read this statute as stating that the head of the department is the only proper defendant in actions brought under Title VII's federal sector provision. *Stiles v. Frank*, 972 F.2d 348 (6th Cir. 1992) (Table); *Mulhall v. Ashcroft*, 287 F.3d 543 (6th Cir. 2002). However, that court has yet to consider whether the same rule applies to the ADEA. *McGhee*

*v. U.S. Postal Serv.*, No. 06-CV-10337-DT, 2006 WL 1851261, at *2 (E.D. Mich. June 30, 2006).

The Supreme Court of the United States "has held that due to their common purpose and nearly identical language, portions of the ADEA should be construed in accordance with Title VII." *Id.* (citing *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979)). Accordingly, several federal courts of appeal have held that the only proper defendant in an ADEA action is the head of the relevant agency. *See Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). District courts sitting in the Sixth Circuit have reached the same conclusion. *See McGhee*, 2006 WL 1851261, at *2; *Hixon v. Donahoe*, Civ. A. No. 13-12439, 2015 WL 2405973, at *4 (E.D. Mich. May 19, 2015); *Delaney v. Potter*, No. 3:06-0065, 2006 WL 2469380, at *4, n. 3 (M.D. Tenn. Aug. 24, 2006).

Seaton brings this action under the federal-sector provision of the ADEA, codified at 29 U.S.C. § 633a. [DE 1, p. 10, ¶ 59]. Defendants Fern, Kostelnik, Gaudinier, Witt, Hatcher, Jones, and Floyd urge the Court to dismiss the ADEA claims against them because they do not serve as the head of the department, agency, or unit. Thus, Defendants conclude that they do not qualify as proper defendants under § 633a. They emphasize that the only

appropriate Defendant in this action is Sonny Perdue, Secretary of the USDA.

Seaton insists that these Defendants are subject to liability under Title VII and the ADEA because they satisfy the definition of "employer" found in 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b). However, these provisions do not apply to the federal-sector section of Title VII and the ADEA.[8] *See* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 633a(f). Seaton makes no other effort to argue that the above-cited case law is inapplicable to the present facts. The Court therefore concludes that Secretary Purdue is the only proper party to this ADEA suit.[9] Because Defendants Fern, Kostelnik, Gaudinier, Witt, Hatcher, Jones, and Floyd are not proper Defendants to this action, Seaton has failed to state claims

---

[8] Even if these sections were applicable to the present case, Seaton has not alleged facts to demonstrate that these Defendants met the definition of "employers." He simply states that they "circumvent[ed] and hijack[ed] established hiring protocols." [DE 12 at 7]. This assertion does not lead to the conclusion that these Defendants each qualified as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b).

[9] Pursuant to 42 U.S.C. § 2000e-16(a), "[a]ll personnel actions affecting employees or applicants for employment … in executive agencies as defined in section 105 of Title 5 … shall be made free from any discrimination based on race, color, religion, sex, or national origin." "'Executive agency' means an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105. The Department of Agriculture is an Executive department. 5 U.S.C. § 101. Thus, Seaton correctly named USDA Secretary Sonny Perdue as Defendant in this action.

against them upon which relief may be granted. Dismissal is therefore appropriate.[10]

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Motion to Dismiss [DE 7] is **GRANTED**;

(2) Defendants Tom Fern, Tom Kostelnik, Cheri Gaudinier, Michelle Witt, Allen Hatcher, Jeff Jones, and Gene Floyd are hereby **DISMISSED** as parties to this action; and

(3) Defendant Sonny Perdue, acting in his official capacity as the Secretary of the United States Department of Agriculture, having filed an Answer [DE 13] to Plaintiff Kendell Seaton's Complaint, and pursuant to Federal Rules of Civil Procedure 16 and 26,

(a) within twenty-one (21) days from the date of service of this Order, the parties, by counsel, shall meet, either in person or by telephone, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), as amended December 1, 2010,

---

[10] Because Seaton cannot sustain an action against these Defendants, the Court need not address their alternative argument that they are entitled to qualified immunity.

and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f), as amended December 1, 2006.

>   (b)  within ten (10) days after the meeting the parties shall file a joint status report containing:
>
>>   (i)  the discovery plan;  in formulating their plan, the parties should consider the Court's belief that discovery should last between three and five months.
>>
>>   (ii) the parties' estimate of the time necessary to file pretrial motions;
>>
>>   (iii) the parties' estimate as to the probable length of trial;
>>
>>   (iv) the dates mutually convenient for trial;
>>
>>   (v)  the parties' decision as to whether the action may be referred to a United States magistrate judge for trial pursuant to 28 U.S.C. § 636(c); and
>>
>>   (vi)  the parties' determination as to whether the resolution of the case may be aided by mediation or other special procedures as authorized by statute or local rule.

Counsel may utilize Form 52, Fed. R. Civ. P.(App.) as the form of the joint status report.  Each party is directed to advise the Court at the time of the submission of the joint report of all

parent corporations, subsidiaries, affiliates, members and/or partners with which it is associated.

This the 2nd day of August, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge